Being placed before David Briggs for the appellant, Bing's Restaurant. I understand that you're not asked to discuss the jurisdiction issue in this case. Yeah, so you have a status conference coming up for the individual clients in this case, so what makes this a final judgment? Well, it's a final judgment because, well, it's certainly finalized at Bing's Restaurant. But you've had an opportunity of asking the district court to certify there's no reason for delay and getting a certification for liability of appeal. But when you didn't resolve all of the claims in the case, what gives the jurisdiction to hear this? Well, as we read the order regarding the default judgment, which was not submitted in the record because we didn't view this as an issue, but it was in Document 63 in the trial court document, November 11th through November 3rd, 2014, 2015, the court found that there was not evidence to find individual defendants liable. Right, but never entered judgment in favor of the defendants against defendants, correct? Correct. And we find out, by looking at the district court document, that plaintiffs are still talking to the district judge about the status of some case. So there must be something left in the district court, isn't there? Is there anything in the district court? You don't have a final judgment. There's no document that we can look at where the district court says that there are judgments in favor of an individual defendants against defendants, is there? That is correct, Your Honor. And there isn't, I looked, there isn't one that says final judgment. You may well be right. Reading this record, it appears to me that the district court did intend to dispose of the claims, but it didn't. So don't we have to send you back there to get the record fixed? I hate to concede that point, but you may be right. Because we cannot exercise any authority over the case unless it's a final appeal in court. That's right. And the way I read it, I thought it was final and appealable because the individuals were off the hook, basically, and that's what we're interested in. I think it took us a while to wrap our heads around the procedure as well and figure this out. So we're not blaming anybody, but we're trying to figure out both rules. And we did, too, as well, once we got your order together. Can I raise a separate question with you? If, in fact, we determine there's no jurisdiction, do we have to go back and put up the record? When you all come back, it would be very helpful to have in the record a request for admission on which the district court based its order. To me, when I look at this, this is really not a default you can make at all. It's this court saying there were no responses to requests for admission, and therefore the facts of the murder team admitted, and that's not for me to be judging. And I don't know how we can review that without having a follow-up of some requests that are not in the record in the district court figure. Yeah, it's almost like it was more like a summary judgment, do you think? Right. Right or wrong, I can't tell because no one has been admitted, and neither party has seemed fit to give us those discovery requests. I apologize if I made a note of that. I'm sorry. Yeah, those are all determinants of what you mean. I mean, what was the circuit mediation in this case? Yes, we tried mediation in this case. With the circuit? No. No, it was with the circuit. I was certainly writing that to my client. Any further? I don't have anything further right now. Is there any questions? Thank you. Mr. Weiner, do you wish to be heard? Your Honor, tell me if you have questions. Okay. Do you have any questions? I mean, do you have any comments on the question of whether we have jurisdiction over this appeal? No, I just am afraid people will be embarrassed that I didn't notice it before you did. You were not the first animal lawyer who did not notice this. Yes. That's very kind of you, Your Honor. Thank you. If there's anything further, thank you very much to both of you. Thank you. They received restaurants. We'll be as far as the minute.
judges: Bybee, Hurwitz, Zouhary